# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| Theresa Sweet, et al., <br><br>   Plaintiffs-Appellees, <br>& <br><br>Everglades College, Inc.; Lincoln Educational Services Corporation; and American National University, <br><br>   Intervenors-Appellants <br><br>v. <br><br>Miguel A. Cardona, Secretary of the United States Department of Education, and U.S. Department of Education, <br><br>   Defendants-Appellees. | Nos. 23-15049, 23-15050, 23-15051 |

## MOTION FOR SECOND 30-DAY EXTENSION OF TIME
## TO FILE DEFENDANTS-APPELLEES' BRIEF

Pursuant to Federal Rule of Appellate Procedure 26(b), the federal government respectfully moves for a second 30-day extension of time, to and including August 2, 2023, in which to file its response brief in this appeal. Plaintiffs-appellees consent to this motion. Intervenors-appellants oppose the motion. In support of this motion, the government states the following:

**1.** This appeal arises from appellants-intervenors' challenge to a litigation settlement reached between the Department of Education and a class of student loan

borrowers with pending administrative applications for relief under the Department's borrower-defense program, which generally provides for the cancellation of student loans in certain cases of school misconduct. The underlying litigation arose from delays in the Department's processing of borrower-defense applications and a resulting backlog of applications that far exceeded the Department's adjudicative capacity. Under the settlement, the Department has agreed to automatically grant full discharges to approximately 200,000 class members who borrowed to attend 151 specific schools, enabling the Department to adjudicate the remaining class members' claims on a specified timeline. No class member maintains an objection to the settlement, and it was approved by the district court after a fairness hearing.

After the parties agreed on the settlement, intervenor-appellees—three of the 151 schools whose students will receive automatic relief—intervened in the case for the purpose of challenging the settlement. After the district court rejected their challenges to the settlement on the merits, intervenors asked the district court for an injunction pending appeal, which the district court denied, concluding (among other things) that intervenors "fail to show that a stay is necessary to avoid likely irreparable injury to movants while their appeals are pending." 1-ER-22. When intervenors moved for an injunction in this Court, a unanimous motions panel agreed that "Appellants fail to demonstrate a sufficient probability of irreparable harm to warrant a stay of the challenged settlement pending these appeals." Order, at 3, Dkt. Entry 19 (Mar. 29, 2023 9th Cir.) (Motions Panel Order). Intervenors then sought an injunction

pending appeal from the Supreme Court, which denied the motion by summary order with no noted dissents. Intervenors then filed their consolidated opening brief on May 4.

**2.** The government respectfully requests that its deadline to file a response brief be extended by 30 days, to and including August 2, 2023. Under this Court's order of May 16, 2023, the government's response brief is currently due July 3, 2023, following one 30-day extension.

There is good cause for an extension because deadlines in other appellate matters will make it burdensome for government counsel to prepare its brief on the current schedule. The attorney with principal responsibility for this matter is Sean R. Janda. Mr. Janda has had primary appellate responsibility for this matter for more than two years, including briefing and arguing a previous mandamus petition related to this case. *See In re U.S. Dep't of Educ.*, 25 F.4th 692 (9th Cir. 2022). After the government received a streamlined 30-day extension in this case, the Fifth Circuit, on its own motion, entered a highly expedited schedule in another case in which Mr. Janda has primary responsibility under which briefing and argument on the merits are to be completed within the next four weeks. *See Mock v. Garland*, No. 23-10319 (5th Cir.) (response to motion for injunction pending appeal filed May 19; injunction pending appeal entered May 23; response brief due June 15, as expedited; oral argument June 29). In addition, Mr. Janda has recently been occupied with a number of other pressing appellate matters, including *Rtskhiladze v. Department of Justice*, Nos. 21-5243,

22-3037 (D.C. Cir.) (response brief filed May 30); *Lincoln Electric System v. FERC*, No. 22-1205 (D.C. Cir.) (intervenor brief filed June 5); *Children's Health Defense v. FDA*, No. 23-50167 (5th Cir.) (response brief due June 15, with extension request pending); *Trump v. Clinton*, No. 22-13410 (11th Cir.) (response brief due July 10); and a number of internal matters.

Moreover, the attorneys with principal supervisory responsibility for this matter, Joshua M. Salzman and Mark B. Stern, also have responsibilities on a number of other ongoing appellate matters. Mr. Salzman is lead counsel in *Seago v. Acting Comm'r*, No. 23-40001 (5th Cir.) (response brief due June 15, as extended), is counsel in *Vidal v. Elster*, No. 22-704 (U.S.) (opening merits brief due on or around July 20), and has supervisory responsibilities regarding several other matters including *Texas Medical Association v. Department of Health & Human Servs.*, No. 23-40217 (5th Cir.) (opening brief due on June 29, 2023, as extended), and *Trump v. Clinton*, No. 22-13410 (11th Cir.) (response brief due July 10). Mr. Stern's supervisory responsibilities include *Muhammad v. United States*, No. 23-5195 (6th Cir.) (response brief filed June 1); *Smith v. United States*, No. 22-1053 (8th Cir.) (opposition to petition for rehearing filed June 2); *Walsh v. Eastern Montgomery Cnty. Area Local 2233*, No. 23-1026 (3d Cir.) (reply brief filed June 2); *Seago v. Acting Comm'r*, No. 23-40001 (5th Cir.) (response brief due June 15, as extended); *Lusk v. Norton*, No. 23-6059 (4th Cir.) (response brief due June 26); *Ford v. United States*, No. 22-2268 (4th Cir.) (reply brief due July 3); *United States v. Missouri*, No. 23-1457 (8th Cir.) (response brief due July 12); *New Jersey v. Secretary of*

*Labor*, No. 21-5016 (D.C. Cir.) (response brief due July 14); and additional matters with internal deadlines.

**3.** Accordingly, we respectfully request that the deadline for the government's brief be extended to August 2, 2023. This extension is not sought for delay; the government has exercised diligence in the preparation of its brief and intends to file the brief within the time requested. In addition, the court reporter is not in default with regard to any designated transcripts.

**4.** Counsel for plaintiffs-appellees have informed us that they consent to this motion. Counsel for intervenors-appellants have informed us that they oppose the extension and has requested that we note that "Appellants oppose the extension on the grounds of ongoing harm they are experiencing from the settlement."

We note in response to intervenors' objection, that even were intervenors suffering ongoing harm, *but see* Motions Panel Order, *supra*, an extension would not necessarily delay argument in or resolution of this appeal. *See* United States Court of Appeals for the Ninth Circuit, General Order 3.3.c (rev'd Sept. 8, 2022) ("Generally, cases are selected for calendaring according to the order in which the notices of appeal, petitions, or applications for enforcement were filed[.]"); *The Appellate Lawyer Representatives' Guide to Practice in United States Court of Appeals for The Ninth Circuit* 115 (May 2021 ed.) ("The timing of oral argument generally depends on when the notice of appeal was filed, not when briefing was completed.").

Respectfully submitted,

MARK B. STERN
JOSHUA M. SALZMAN

*s/ Sean R. Janda*
SEAN R. JANDA
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7260*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, D.C. 20530*
  *(202) 514-3388*

June 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,109 words, according to the count of Microsoft Word.

*s/ Sean R. Janda*
Sean R. Janda