

The Project on Predatory Student Lending

769 Centre St, Boston, MA 02130
www.ppsl.org

July 18, 2023

<u>VIA CM/ECF</u>

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Re:     *Everglades College, Inc. et al. v. Sweet et al. & Cardona et al.*,
        Nos. 23-15049, 23-15050, 23-15051

Dear Ms. Dwyer,

Pursuant to Fed. R. App. P. 28(j) and Circuit Rule 28-6, Plaintiff-Appellees Theresa Sweet, Chenelle Archibald, Daniel Deegan, Samuel Hood, Tresa Apodaca, Alicia Davis, Jessica Jacobson, and all others similarly situated ("Plaintiffs") respectfully respond to the Rule 28(j) letters filed in these matters on July 13, 2023, by Everglades College (No. 23-15049, Dkt. 44) and Lincoln Educational Services Corp. (No. 23-15050, Dkt. 49-1).

To begin, these letters are premature. Briefing in this consolidated appeal is not yet completed. The parties will have ample opportunity to address the cited authorities in their opposition and reply briefs, respectively.

Plaintiffs nonetheless will briefly address the content of these letters here. First, *Biden v. Nebraska*, No. 22-506, slip op. (June 30, 2023), is not relevant to this case, let alone "dispositive." No. 23-15049, Dkt. 44 at 2. *Nebraska* interprets a different statute than the one at issue in these appeals, which was used to implement a different program under very different circumstances. Indeed, in *Nebraska*'s companion case, decided the same day, the Supreme Court explicitly noted that it was *not* interpreting the Higher Education Act (HEA), which is the statute that forms the basis of Appellants' arguments here. *See Department of Education v. Brown*, No. 22-535, slip op. at 11 n.2 (June 30, 2023) ("We do not opine on the substantive lawfulness of any action the Department might take under the HEA . . . ."); *id.* at 13 ("As noted above, HEROES Act loan relief and HEA loan relief function independently of each other.").

Second, the Department of Education's decision to engage in rulemaking relating to 20 U.S.C. § 1082(a) is not germane to this appeal. As a matter of basic statutory interpretation, it is not accurate to say that promulgating rules under a general grant of discretionary authority constitutes "an admission that a rulemaking (at a minimum) is needed to" exercise that authority in any situation. No. No. 23-15050, Dkt. 49-1 at 1.

Plaintiffs will further address these arguments in their brief.

Respectfully submitted,

Eileen M. Connor
Rebecca C. Ellis
Rebecca C. Eisenbrey
*Counsel for Plaintiff-Appellees*

cc: Counsel of record via CM/ECF