

April 12, 2024

**VIA CM/ECF**

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

   Re: **Letter pursuant to Fed. R. App. P. 28(j) and Ninth Cir. R. 28-6 in *Sweet et al. & Everglades College, Inc. et al. v. Cardona et al.*, Nos. 23-15049, 23-15050, 23-15051**

Dear Ms. Dwyer:

  Appellants respectfully apprise the Court of pertinent new authority in the form of admissions by the Department of Education (Ex. A) in ongoing district court proceedings to enforce the Settlement. *See* Docs. 397, 403, 404.

  First, the Department now admits it "failed to appreciate the number and complexity of consolidation loans among the population of Exhibit C borrowers" and that "certain borrowers have highly complex consolidation loan histories that must be manually researched and reconstructed to determine the appropriate discharge and/or refund amounts." Ex. A ¶¶28, 87; *see id.* ¶96 ("the Department failed … to appreciate the volume and complexities of consolidations loans owed by Exhibit C borrowers"). Further, the Department admits that some class members "have conflicting records as to whether they have any eligible loans." *Id.* ¶118(d). These admissions further demonstrate that approval of the Settlement violated Rule 23. *See* AOB 47-52 (monetary relief is impermissible for Rule 23(b)(2) class because it will require complex, individualized determinations); *id.* at 53-55 (class lacks commonality); *id.* at 55-57 (inclusion of uninjured class members impermissible).

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



Second, the Department details the "several complex operational steps" involved in the loan-cancellation program established by the Settlement. Ex. A ¶30. This "complex" program is found in neither statute nor rule, and its creation through a settlement violates the separation of powers and APA. *See* AOB 37-43. The Department's admitted "failure to appreciate" the nature of its Exhibit C loan portfolio also further underscores its unexplained and arbitrary determination of wrongdoing by Exhibit C schools. AOB 44-46.

Third, the settling parties have apparently contemplated discharging the full balance of consolidation loans even if that would "result in the refunding of payments that would not otherwise be refunded under the settlement." Ex. A ¶¶124-25; Doc. 404 at 8. This possibility underscores that the parties have colluded to use a settlement to create the very type of loan-cancellation program the Supreme Court held unlawful in *Biden v. Nebraska*, 143 S.Ct. 2355 (2023), and apparently contradicts the Department's recent representation to this Court that the Settlement involves "only a closed universe of retrospective claims," ECF No. 85.

                                           Respectfully submitted,

                                           *s/ Jesse Panuccio*
                                           Jesse Panuccio
                                           BOIES SCHILLER FLEXNER LLP
                                           401 E. Las Olas Blvd., Ste. 1200.
                                           Fort Lauderdale, FL 33301
                                           (954) 356-0011
                                           jpanuccio@bsfllp.com